UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| GARLAND WAMBLE HOGAN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN SANDRA BUTLER,<br><br>Respondent. | Civil No. 6:15-046-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

**** **** **** ****

Garland Wamble Hogan is a federal inmate confined in the Federal Correctional Institution-Manchester ("FCI-Manchester") located in Manchester, Kentucky. Proceeding *pro se*, Hogan has filed a petition for writ of habeas corpus pursuant to 28 U. S. C. § 2241, challenging the continuing validity of his conviction in 2002 on two charges of money laundering in the Southern District of Florida, claiming that by reason of *United States v. Santos*, 553 U.S. 507 (2008), he is "actually innocent" of these offenses. [R. 1]. Hogan requests the vacation of these two convictions and release from custody. [R. 1, Page ID# 8].

The Court conducts an initial review of habeas petitions. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). It must deny a petition "if it plainly appears from the [filing] and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Hogan's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court

accepts Hogan's factual allegations as true, and construes all legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Even liberally construing Hogan's claims, this Court cannot grant him the relief he seeks, *i.e.*, the vacation of his convictions for money laundering and for conspiracy to commit money laundering and release from custody, because the basis underlying his petition is without legal foundation. The Court will therefore deny Hogan's § 2241 petition and dismiss this proceeding.

**I**

On August 30, 1999, Hogan and others were charged in a lengthy, multi-count indictment with numerous charges, including conspiracy to commit wire and mail fraud, mail fraud, conspiracy to commit money laundering, and money laundering. *See United States v. Garland Hogan, et al.*, No. 9:99-cr-08125-DTKH (S.D. Fla. 1999), [ R. 1 therein]. Hogan, an attorney, and other attorneys were charged in a massive fraud scheme concerning a viatical investment company, Viatical Asset Management. The indictment charged that from February 1996 continuing through August 1999, in Palm Beach County, Florida, and elsewhere, Hogan and others did knowingly, willfully and unlawfully devise and intend to devise a scheme and artifice to defraud and for obtaining money and property from investors throughout the United States by means of false and fraudulent pretenses, representations and promises, knowing that the pretenses, representations and promises would be and were false and fraudulent when made. *Id.*, Indictment at 4, [R. 1 therein]. The viatical investment company paid Hogan legal fees for his services rendered to the company.

Hogan was convicted of one count of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 371, nine counts of mail fraud, in violation of 18 U.S.C. § 1341, one

count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and one count of money laundering, in violation of 18 U.S.C. § 1957. *Id.* Hogan was sentenced on April 1, 2002, and received a total sentence of 324 months, to be followed by a 3-year term of supervised release. [*Id.*, at R. 2044 therein]. Hogan was also ordered to make restitution in the amount of $108,947,157.73. *Id.* Hogan unsuccessfully appealed his convictions and sentences. *United States of America v. Arroya*, No. 02-10368 (11th Cir. June 24, 2004).

Hogan then petitioned the United States Supreme Court for a writ of certiorari. The Supreme Court granted Hogan's petition, vacated and remanded his appeal in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). On remand to the Eleventh Circuit, the Eleventh Circuit affirmed Hogan's convictions, but vacated and remanded for resentencing in accordance with *Booker*. *United States of America v. Arroya*, No. 02-10368 (11th Cir. January 5, 2007). Hogan was resentenced on May 10, 2007, and received a total sentence of 276 months. *See United States v. Garland Hogan, et al.*, No. 9:99-cr-08125-DTKH (S.D. Fla. 1999)[ R. 2486 therein]. Hogan unsuccessfully appealed this sentence. *See United States of America v. Garland Hogan*, No. 07-12454 (11th Cir. May 16, 2008).[1] The Supreme Court denied Hogan's petition for a writ of certiorari.

Hogan then moved the trial court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See United States v. Garland Hogan, et al.*, No. 9:99-cr-08125-DTKH (S.D. Fla. 1999), [ R. 2642; R. 2646 therein]. One of the grounds raised in Hogan's § 2255 motion was that his conviction on the money laundering conspiracy charge should be set aside in light of

[1] In affirming, the Eleventh Circuit noted that Hogan's 276-month sentence was well below the guidelines range of 324 to 405 months imprisonment. *Id.* at 8.

*United States v. Santos*, *supra,* decided post-conviction and post-direct appeal. [*Id.*, at R. 2646, p. 10]. On March 29, 2012, the trial court denied Hogan's § 2255 motion and granted a certificate of appealability on one claim of ineffective assistance of counsel. *See Garland Hogan v. United States*, No. 9:09-cv-81530 (No. 9:99-cr-08125-DTKH) (S.D. Fla. March 29, 2009) [R. 87 therein]. Hogan unsuccessfully appealed the claim that his counsel was ineffective to the Eleventh Circuit. *Garland Hogan v. United States*, No. 12-12979 (11th Cir. Dec. 19, 2013), and the Supreme Court denied Hogan's petition for a writ of certiorari. *See Garland Hogan v. United States*, No. 9:09-cv-81530 (No. 9:99-cr-08125-DTKH) (S.D. Fla. March 29, 2009) [R. 101 therein].

**II**

In the present § 2241 habeas petition, Hogan challenges the validity of his convictions on Counts 50 and 15 of the Third Superseding Indictment and his sentence, claiming that he is entitled to relief via this habeas petition because under *Santos*, *supra,* a case decided subsequent to his conviction that is applicable retroactively to cases like his on collateral review, and that under post-*Santos Sixth* Circuit precedent, he is "actually innocent" of the money laundering transaction and money laundering conspiracy charges on which he was convicted in the Southern District of Florida.

**A**

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the Bureau of Prisons' calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461

(6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" in § 2255(e) provides a narrow exception to this rule. Under this provision, a prisoner is permitted to challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply if a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her conviction under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. A prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a defendant may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Reiterating Hogan's claims, he contends that he is "actually innocent" of the money laundering charge (Count 50) and the money laundering conspiracy charge (Count 15), and he asserts that he may seek relief in the present § 2241 habeas petition because (1) his remedy through the filing of a motion pursuant to 28 U.S.C. § 2255 is inadequate or ineffective as the trial court has previously denied his § 2255 motion without addressing his *Santos* claim,[2] (2) the Eleventh Circuit has limited the application of the *Santos* plurality opinion solely to cases where the underlying offense was illegal gambling, (3) under applicable law in the Sixth Circuit, he is actually innocent, and (4) the Sixth Circuit has held that a federal prisoner can proceed with a *Santos* claim in a § 2241 petition upon a showing that the petitioner's money laundering convictions are void under the *Kratt/Cosgrove* framework, as explained in *Wooten v. Cauley*, 677 F.3d 303 (6th Cir. 2012).

Even though a defendant may be otherwise procedurally barred from pursuing habeas relief, in *McQuiggin v. Perkins,* ___ U.S. ___, 133 S.Ct. 1924 (2013), the Supreme Court held that a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar. Specifically, the *McQuiggin* Court stated:

> . . . We have recognized, however, that a prisoner "otherwise subject to defenses of abusive or successive use of the writ [of habeas corpus] may have his federal constitutional claim considered on the merits if he makes a proper showing of

[2] Contrary to Hogan's claim, in the Magistrate Judge's 112-page Report and Recommendation to the trial court, he considered Hogan's *Santos* claim at length. *See Garland Hogan v. United States,* No. 9:09-cv-81530 (S.D. Fla. Feb. 17, 2012), [R. 78 at pp. 98-112 therein]. Over Hogan's objections to the Magistrate Judge's Report and Recommendation, on March 29, 2012, the trial court approved and adopted said Report and Recommendation in full. *Id.* at R. 87. Although the trial court did not specifically address Hogan's *Santos* claim in the Order adopting the Magistrate Judge's Report and Recommendation, the trial court clearly adopted the Report and Recommendation adopted "in full," *id.*, incorporating the Magistrate Judge's analysis of Hogan's *Santos* claim. Thus, Hogan's contention that the trial court did not address his *Santos* claim is without merit.

> actual innocence." *Id.*, at 404, 113 S.Ct. 853 (citing *Sawyer v. Whitley*, 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992)). *See also Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) ("[W]e think that in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."). In other words, a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief. "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Herrera*, 506 U.S., at 404, 113 S.Ct. 853.

*McQuiggin*, 133 S. Ct. at 1931.

The Sixth Circuit has derived its understanding of the definition of "actual innocence" from *Bousley v. United States*, 523 U.S. 614 (1998). *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). *Bousley* held that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him ... [and] that 'actual innocence' means factual innocence, not mere legal insufficiency." 523 U.S. at 623–24, 118 S.Ct. 1604 (internal quotation marks and citations omitted). One way to establish factual innocence is to show an "intervening change in the law that establishes [the petitioner's] actual innocence." *Peterman*, 249 F.3d at 462. This may be achieved by demonstrating (1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him. See *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

Hogan takes the position that because he is presently incarcerated in the Sixth Circuit, the case law that has developed in the Sixth Circuit post-*Santos* is applicable to his habeas petition

instead of the law of the Eleventh Circuit where he was tried, convicted, and sentenced. Hogan's argument for the application of the law of the circuit where he is presently incarcerated, as opposed to the application of the law of the circuit where he was convicted and sentenced, *viz*., the Eleventh Circuit, is not novel; it has been considered, but rejected by other courts.

Several courts have held that when a federal prisoner files a § 2241 petition under the savings clause of § 2255 in the district where he is incarcerated, the district court should apply the law of the circuit where the petitioner was convicted and sentenced. Notably, in *Hernandez v. Gilkey*, 242 F.Supp.2d 549 (S.D. Ill. 2001), a district court in the Seventh Circuit held that the law of the circuit of conviction should apply to § 2241 proceedings held in a different circuit. *Id*. at 554. Citing *In re Davenport,* 147 F.3d 605 (7th Cir. 1998), the court found that "[n]o law entitles [a petitioner] to collateral review in a specific judicial circuit other than the circuit of his conviction, and this is reflected in *Davenport's* requirement that any 'change in law' not merely be the result of a circuit split." *Id.* Elaborating, the Court in *Davenport* explained:

> . . . When there is a circuit split, there is no presumption that the law in the circuit that favors the prisoner is correct, and hence there is no basis for supposing him unjustly convicted merely because he happens to have been convicted in the other circuit.

147 F.3d at 612. See also *Cain v. Markley,* 347 F.2d 408 (7th Cir. 1965).

The district court in *Hernandez* further found that:

> ... the *Davenport* rule is far from arbitrary. It actually has a very rational basis and treats similarly situated individuals the same. The rule ensures that the law that prevails in the judicial circuit of any federal prisoner's conviction, or a substantially similar law, is the law that will be applied to the prisoner's § 2241 petition seeking a vacation of a conviction. Application of the law of the place of conviction is a consistent, reasonable rule, as is evidenced by the requirement that § 2255 motions be filed in the district of conviction. The rule [the petitioner] believes appropriate—applying the substantive law of the place of confinement—is actually far more arbitrary. Such a rule would base the choice of law decision on the fortuitous placement of a prisoner by the Bureau of Prisons, not the more

> rational factor of the place of conviction. It would result in similarly situated prisoners—perhaps even codefendants, convicted of the exact same crimes—being treated differently because of their location of confinement. It would also raise the possibility of prisoner "forum shopping" by behavior modification. For example, a prisoner desiring to have Seventh Circuit law apply to him could misbehave in order to be sent to USP-Marion, a maximum security in Marion, Illinois.

*Hernandez*, 242 F.Supp.2d at 554.

As a result, the district court in *Hernandez* applied Fifth Circuit law (the petitioner had been convicted in the Eastern District of Louisiana), instead of the law of the Seventh Circuit, where Hernandez was then incarcerated. *See also Chaney v. O'Brien*, No. 7:07-CV-00121, 2007 WL 1189641, *3 (W.D. Va. Apr.23, 2007) ("the substantive law relevant to a § 2241 petition is that of the circuit in which the petitioner was convicted"), *aff'd per curiam*, 241 F. App'x 977 (4th Cir. 2007); *Gordon v. Conley*, No. Civ. A. 5:99-0204, 2000 WL 34240482 *3 (S.D. W.Va. June 30, 2000) ("'change in law' is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated").

To clarify the foregoing reference to "change in law" noted above, the *Santos* decision clearly changed the law relative to the proof required to convict one of money laundering transactions that violated federal law. However, since *Santos* was a plurality, 4-1-4 decision, with the separate opinion of Justice Stevens creating a majority decision, no clear-cut rule could be distilled from *Santos*,[3] generating a cottage industry of *Santos* litigation, as forecast by the

[3] The Court split 4–4 on whether to define "proceeds" as "profits" or "gross receipts." In his concurrence, Justice Stevens agreed with the plurality that "proceeds" meant "profits," but he limited his decision to cases involving lottery and gambling business transactions and other in instances of merger. Because the concurrence provided the narrowest rule for which a majority agreed, Justice Steven's limited decision provides the majority holding. *See Marks v. United States*, 430 U.S. 188 (1977).

Sixth Circuit in *United States v. Kratt*, 579 F.3d 558, 563 (6th Cir. 2009). In this instance, there has been both a change in the law, as announced by *Santos*, and a split among the circuits as to the interpretation and application of *Santos*.[4] For example, as Hogan notes in his petition, the Eleventh Circuit has limited the application of the *Santos* decision to cases where the underlying offense was illegal gambling, unlike the Sixth Circuit's view of *Santos*.

**B**

After giving much consideration to this matter, including the review of well-reasoned decisions from the Sixth Circuit, other circuit courts of appeal, and numerous sister district courts, the Court is persuaded that in respect to the law applicable to § 2241 petitions, the Court must apply the law of the place where the petitioner was convicted, rather than the law of the place where the petitioner is incarcerated. As the court in *Rudisill v. Martin*, No. 5:08-cv-272, 2013 WL 1871701 (S.D. Miss. May 3, 2013), succinctly reiterated:

> . . . The rule ensures that the law that prevails in the judicial circuit of any federal prisoner's conviction, or a substantially similar law, is the law that will be applied to the prisoner's § 2241 petition seeking a vacation of a conviction. Application of the law of the place of conviction is a consistent, reasonable rule, as is evidenced by the requirement that § 2255 motions be filed in the district of conviction. The rule [the petitioner] believes appropriate—applying the substantive law of the place of confinement—is actually far more arbitrary. Such a rule would base the choice of law decision on the fortuitous placement of a prisoner by the Bureau of Prisons, not the more rational factor of the place of conviction. It would result in similarly situated prisoners—perhaps even codefendants, convicted of the exact same crimes—being treated differently because of their location of confinement.

[4] *Santos*, decided in 2008, enjoyed a short shelf-life. Congress overruled *Santos* in 2009 when it amended 18 U.S.C. § 1956 to define "proceeds" as "gross receipts" in all contexts. *See* 18 U.S.C. § 1956(c)(9) ("[T]he term 'proceeds' means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity."). However, because the legislative amendment does not apply retroactively, it does not affect the analysis here. *United States v. Moreland*, 622 F.3d 1147, 1163 n. 4 (9th Cir. 2010).

*Rudisill*, at *4. *See also Hernandez*, 242 F. Supp. 2d at 554.

The present case itself illustrates the soundness of this rule. Hogan filed this § 2241 petition in this district after the BOP transferred him to Kentucky from a federal prison in Florida. Given the BOP's propensity to transfer inmates for various reasons and at various times to various prisons located all over the country, Hogan could very well be transferred to a prison in another jurisdiction, including a transfer back to a prison in the Eleventh Circuit or any other prison within the ten other circuits, prior to the expiration of his sentence. If the rule promoted by Hogan were the prevailing rule, Hogan could, in theory, upon transfer to a prison in another circuit, raise his *Santos* claim in a § 2241 petition in a district court in any or all of the ten other circuits to which he might be transferred until he achieved his desired result. Such a practice would turn the rule of the finality of judgments and convictions on its ear.

Thus, following the rule that the law of the place of Hogan's conviction is the applicable law this Court must follow when reviewing his § 2241 petition, Hogan's petition is without legal foundation, as the Eleventh Circuit only applies *Santos* in illegal gambling cases. Had Hogan been convicted and sentenced in a district court in the Sixth Circuit, the claims raised in his § 2241 petition would arguably have merit. The fatal flaw in Hogan's petition is that he was convicted and sentenced in the Eleventh Circuit in the Southern District of Florida, and it is the law of the Eleventh Circuit that is applicable to his habeas claims.

Because Hogan has failed to demonstrate that he is entitled to proceed under § 2241, the Court will dismiss his petition.

**III**

For the reasons discussed above, it is hereby **ORDERED** that:

1. Petitioner Garland Wamble Hogan's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

This the 3d day of August, 2015.

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

**Signed By:**

***Gregory F. Van Tatenhove***

**United States District Judge**